IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PHILLIP JOSEPH MILLER,            :

    Plaintiff,                    :

vs.                               :
                                    CIVIL ACTION 06-0447-BH-M

MICHAEL J. ASTRUE,[1]               :
Acting Commissioner of
Social Security,                  :

    Defendant.                    :

## REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on February 26, 2007. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Phillip Joseph Miller and against Defendant Michael J. Astrue.

---

[1] Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born July 2, 1967. At the time of the administrative hearing, Miller was thirty-seven years old, had completed a high school education (Tr. 246), and had previous work experience as a sales clerk, security officer, and corrections officer (Doc. 8 Fact Sheet). In claiming benefits, Plaintiff alleges disability due to schizophrenia, depression, and psychosis (Doc. 8 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on April 2, 2003 (Tr. 45-49, 190-93). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Miller was not capable of performing his relevant past work, there were jobs in the national economy that he could perform (Tr. 16-28). Plaintiff requested review of the hearing decision (*see* Tr. i) by the

Appeals Council, but it was denied (Tr. 4-9).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Miller alleges that:  (1) The ALJ did not properly evaluate his mental impairments under the regulations; and (2) the ALJ did not state what weight he gave third-party witness testimony given at the evidentiary hearing (Doc. 8).  Defendant has responded to—and denies—these claims (Doc. 9).

Plaintiff's second claim[2] is that the ALJ did not state what weight he gave third-party witness testimony given at the evidentiary hearing.  Miller specifically refers to the testimony of Gary F. Miller, Kathleen Miller, and Myra Miller (Doc. 8, pp. 8-10).  The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Gary F. Miller testified that he lived with older brother, Phillip, in an effort to look after him because he had had mental problems for the past ten-to-twelve years (Tr. 253-70).  When he and his wife moved in with Plaintiff, the house was a filthy mess.  Phillip only bathes once a week, wore the same clothes for three-to-four days at a time, and did not regularly brush his

---

[2]Because the Court finds that this claim has merit, it is unnecessary to address Miller's first claim.

3

teeth.  Gary stated that his brother has conversations with non-existent people; he is paranoid and seldom trusts anybody.  One time, the two of them got into an argument and Phillip pulled two knives out and threatened to kill him.  Gary called the police who took him to jail; the witness had fears for his safety.  Medications have helped, but they make Plaintiff comatose; Phillip spends his time sleeping, playing games, or playing with his cat.

    Kathleen Miller testified that she was a registered nurse, who had experience working with psychiatric patients, and was married to Gary Miller (Tr. 271-79).  She and her husband live with Phillip who hears voices and talks to people not present; he is paranoid.  The witness stated that Plaintiff's hygiene was not good, that he did not eat properly, and that he did not keep his trailer up; Phillips may wear the same clothes for a week.  His medications cause him to either sleep a lot or be awake for days at a time.

    Myra C. Miller testified that Phillip was her son and he had lived at her home; while she was away from the house, he did not keep it up and it became such a mess no one could live there (Tr. 280-89).  Plaintiff hears voices, talks to himself, and thinks people are going to hurt him; he does not bathe or change his clothes regularly.  His room is like a cyclone hit it.  The witness has tried to kill himself in the past; he is not capable

of working.

A vocational expert (hereinafter *VE*) testified that if the testimony of Plaintiff's relatives was believed, then Phillip would be unemployable (Tr. 296-300).

In his decision, the ALJ summarized the testimony of Plaintiff's relatives, but made no statement regarding the weight that he had assigned it (*see* Tr. 24-25).  The ALJ also summarized the VE's testimony, which he apparently relied on, though he failed to acknowledge his testimony regarding the statements made by Miller's family-members (*see* Tr. 26; *cf.* Tr. 27, ¶ 11).

The Court finds that the ALJ has failed to satisfy the requirement of *Cowart*.  Defendant argues that the ALJ properly rejected Plaintiff's testimony, a conclusion not challenged by Miller in this action, and that the testimony of his relatives was the same as Plaintiff's own testimony, so the ALJ rejected it by inference (Doc. 9, pp. 15-17).  The Court finds this argument unpersuasive.  *Cowart* requires that the ALJ "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart*, 662 F.2d at 735.  The ALJ failed to do this.  When this error is coupled with the VE's testimony, the harm is heightened.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is recommended that the action be reversed

and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's mental impairments.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS<br>AND RESPONSIBILITIES FOLLOWING RECOMMENDATION<br><u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a

     brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 27th day of February, 2007.

                                                    s/BERT W. MILLING, JR.
                                                    UNITED STATES MAGISTRATE JUDGE